## Imperatori et al. v. DeCarre

*Chester A. Garratt,* for plaintiffs.

*M. J. Martin* and *J. Wilson Ames,* for defendant.

BODIE, P. J., February 9, 1944.—This case comes before the court on a rule to show cause why the above action in partition should not be stayed under the Soldiers' and Sailors' Civil Relief Act of 1940 and amendments thereto. Suzanne W. Imperatori, Edith S. Sands, and Elizabeth A. DeCarre, three sisters, are owners of real estate in Scott Township, Wayne County, Pa., comprising about 682 acres of woodland. On September 13, 1943, plaintiffs Suzanne W. Imperatori and Edith S. Sands filed a bill in partition in equity, naming the other sister, Elizabeth A. DeCarre, defendant, asking for partition in equity of the said land in Scott Township. On November 15, 1943, defendant, Elizabeth A. DeCarre, by her attorneys, M. J. Martin and J. Wilson Ames, petitioned the court for a rule to show cause why the proceedings in partition should not be stayed, on the grounds that the husband of defendant, Gen. Octave DeCarre, was a member of the armed forces of the United States and was a prisoner of the Japanese Government on the Island of Formosa, and that, being the husband of defendant, he had the interest of an estate of curtesy in the property. The rule was granted and made returnable to the third Monday of December 1943. Plaintiffs filed answer to this rule on December 17, 1943, and argument was had thereon and briefs submitted at a later date.

The question before the court at this time therefore is whether Octave DeCarre, husband of the defendant, Elizabeth A. DeCarre, has such an interest in the property which is the subject of the partition proceedings as to entitle him to a stay of the proceedings under the Soldiers' and Sailors' Civil Relief Act.

Suzanne M. Imperatori, Edith S. Sands, and Elizabeth A. DeCarre became owners of real estate in Scott

Township by deed and by devise from their mother, Clara K. E. Sands. Edith S. Sands and Suzanne W. Imperatori are desirous of selling the property or the timber thereon at the present time, setting forth the reason that the lumber is needed for the war effort and further that the timber has reached its growth and will decrease in value and deteriorate in quality if not sold at the present time. Apparently these two sisters have been unable to come to an agreement with their sister, defendant, and have therefore brought this action in partition to divide the almost 700 acres of land in Scott Township.

The action of partition is a very old remedy in the law to divide lands either voluntarily or by compulsion if no agreement can be reached. The purpose of the proceedings for the partition of real estate is to enable each owner to possess and control his own share of the estate exclusively—that is, to divide the estate among the several owners, where that can be done without manifest injury, and thereby avoid the inconvenience that results from a joint or common and united possession, and enable the persons entitled to share in the estate to know, take possession, enjoy, and improve their respective shares. In case that cannot be accomplished, then the joint estate ought to be appraised as provided by the statute and sold at public auction, unless one or more of the parties elect to take it at its appraised value. It is important to remember that the primary object of partition is division—that is, physical—and not a conversion, a sale, a determination of a disputed title, an acquisition or the purchase of land, or a transfer of title to land. The object is the mere setting apart in severalty of the interests held in common in the same lands.

The right to have partition of property is one of the long-standing rules of property ownership under which persons acquire and continue to hold ownership of real estate in common with other persons, and its existence

and the right to resort to it are necessary to prevent such ownership from becoming in many cases entirely useless and burdensome. Without it, one tenant in common could, by his unwillingness or inability to act, entirely deprive his cotenants of the benefits of ownership. The right is an incident of ownership and, like the right of an owner in severalty to alien, is only limited by such restraints as the law has put upon it in regard to personal capacity and mode of reconveyance. The early remedy of partition was limited in its scope, but it has been developed until the right of partition exists almost without regard to its difficulties. Practically the only limit to the right lies in the inherent qualities of the estate or to the subject. In all cases, the law most willingly lends its aid, when asked for, to make partition of estates held in joint tenancy or in common, and will compel a division of the property so that it may be held in severalty.

The question is raised in these proceedings as to whether it is necessary to join Gen. Octave DeCarre in the proceedings as the husband of the defendant, Elizabeth A. DeCarre. Under the old decisions and practice in Pennsylvania we believe that it would be necessary to join the husband as a defendant in an action in partition, but after the passage of the Married Women's Act of June 8, 1893, P. L. 344, and the Act of March 27, 1913, P. L. 14, the right of a married woman to sue and be sued in her own name was greatly enlarged so that we find married women being made parties to legal actions without their husbands joining as coplaintiffs or being joined as codefendants. In the present action the husbands of the plaintiffs were not parties to the action nor was the husband of defendant joined in the action. It has been held in Pennsylvania that a husband must be joined in a partition proceeding against his wife, and it has also been held that the opposite is true, and in 14 Standard Pennsylvania Practice, p. 60, it is stated that the

better practice is not to join the husband or wife in such proceedings. The cases which hold that a husband should be joined with the wife in the proceedings were decided before the passage of the Married Women's Act and were in line with the accepted practice of the day. In Powell's Estate, 3 Dist. R. 508 (1894), the court held that under the Act of June 8, 1893, providing that a married woman may sue and be sued in all respects as an unmarried woman, in partition proceedings between heirs the husband of one of the heirs need not be made a party.

We feel under the law at the present time and the better practice that it is unnecessary to join the husband of the defendant in these proceedings, as he does not have such an interest in the real estate as to require his being joined as a defendant. His only interest at the most is the right of curtesy, which right could be defeated in numerous ways under the present law. The wife might borrow money against her real estate, sign a judgment note and have it entered, and a sale on said judgment would divest any right of curtesy which the husband might have. Also a judgment secured against the wife as a result of her negligence or for a debt could be entered and her property sold to satisfy the same, and the purchaser at a judicial sale would take free and clear of the curtesy of the husband. The rights of a married woman as regards her own separate property have been greatly expanded since the cases decided which defendant cites in her brief, and we feel that in this case the husband does not have such an interest in the property as would require him to be joined as a defendant.

The next question therefore is "Does the husband have a right to have the proceedings stayed under the Soldiers' and Sailors' Civil Relief Act?"

The act provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is in-

volved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service:" Act of October 17, 1940, sec. 201, 54 Stat. at L. 1178, 50 U. S. C. §521.

The Act of 1918, which is closely followed by the Act of 1940, provides a stay of proceedings when commenced by or against a person in military service, while the Act of 1940 is more definite and confines the benefit of the act to a person in military service who is either a plaintiff or defendant. In the present state of the proceedings before us General DeCarre is neither named plaintiff nor defendant in the action, and therefore would not be entitled to a stay of proceedings under this section of the act.

It is further urged upon the court that the relief should be granted in this case as General DeCarre is a dependent of Elizabeth A. DeCarre, defendant in the partition proceedings, and that he is entitled to a stay on that basis. We do not find that the act applies to dependents excepting in the case of rent and eviction and distress: Act of October 17, 1940, sec. 300, supra, as amended by the Act of October 6, 1942, 56 Stat. at L. 769, sec. 8. The act also provides for a stay of proceedings where a person in military service is secondarily liable, but we do not feel that this part of the act would apply to the husband of an owner of real estate which is the subject of an action in partition.

We have before us a proceeding in partition in equity brought by two sisters against a third sister, who are joint owners of land in Wayne County. It is conceded by all parties that even if General DeCarre

were present in this country it would not be necessary to join him in these proceedings, which involve his wife's own real estate. If that is the case we do not see how the Soldiers' and Sailors' Civil Relief Act could be invoked to stay a proceeding in which General DeCarre is not named as a party. In fact if the spirit and intent of the proceedings in partition is carried out, any interest which General DeCarre might have in his wife's real estate as a right of curtesy would not be affected by these proceedings because of the fact that, whereas Elizabeth A. DeCarre now owns an undivided one-sixth interest in the real estate in question, after the completion of the partition in equity she would be the owner of one sixth of said real estate absolutely in fee simple and the interest of her husband would not be affected except that his curtesy interest would be in the land owned in fee by his wife instead of a curtesy interest in a one-sixth interest of the entire tract. As set forth in the first part of this opinion, it is the right of an owner of a part interest in real estate to have the same divided so that each co-owner may have the possession and right of enjoyment of his respective share.

While the court realizes that Elizabeth A. DeCarre would like to have the advice and counsel of her husband in a matter of this kind, we do not feel that the Soldiers' and Sailors' Civil Relief Act has gone far enough in its provisions to include the present case in its scope, and, therefore, for the reasons herein set forth, we make the following

### Order

Now, to wit, February 9, 1944, the rule granted upon the petition of Elizabeth A. DeCarre in behalf of her husband, Octave DeCarre, for a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act is hereby discharged, and defendant is allowed 15 days in which to file an answer to plaintiffs' bill of partition.